PULLMAN CO. v. TRAPP, Auditor, et al. †

(Circuit Court of Appeals, Eighth Circuit. March 18, 1911.)

No. 3,437.

1. TAXATION (§ 482*)—CORPORATIONS—ASSESSMENT—NOTICE AND HEARING.

Where, in a suit to restrain the enforcement of an assessment of a corporation's property, the record showed that the assessment was finally made after the first Monday in August, which was the date fixed by Revenue Act Okl. April 17, 1908 (Laws 1908, c. 71, art. 1), for the meeting of the Board of Equalization, such fact eliminated the objection that the assessment was not made by the board on sufficient notice and hearing.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 482.*]

2. TAXATION (§ 397*)—CORPORATIONS—PRIVILEGES AND FRANCHISES.

Where a sleeping car company operated its cars within the state, the State Board of Equalization in valuing the company's property for taxation was not limited to the value of the company's tangible property, but was entitled to consider in addition the company's rights, privileges, and franchises.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 672; Dec. Dig. § 397.*]

Appeal from the Circuit Court of the United States for the Western District of Oklahoma.

Suit by the Pullman Company against M. E. Trapp, as Auditor, and others, to restrain the enforcement of a tax assessment. From a decree dismissing the bill, complainant appeals. Affirmed.

S. T. Bledsoe (J. R. Cottingham, on the brief, and G. S. Fernald, of counsel), for appellant.

Charles West, Atty. Gen. of the State of Oklahoma, for appellee.

Before ADAMS, Circuit Judge, and RINER and WM. H. MUNGER, District Judges.

RINER, District Judge. This case was brought by the Pullman Company to impeach the assessment of its property made by the same board in the same year, and in its material features is so nearly like the case of Western Union Telegraph Company v. M. E. Trapp, Auditor, et al. (just decided) 186 Fed. 114, that no separate statement of the special facts is necessary, and the conclusions reached in that case are decisive of the same points in controversy in this case. [1] The record in this case, however, discloses that the assessment of complainant's property was finally made after the first Monday in August, which was the date fixed by the revenue act as the time for the meeting of the Board of Equalization, and, as suggested by the Circuit Court:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied.

"This fact alone may well be held to eliminate the objection that the assessment was not made by the Board of Equalization upon sufficient notice and hearing."

The property of course differs in character, and the bill charges that it was assessed at three times its value, "including whatever rights or privileges might be actually considered in connection therewith." The return of complainant's property made to the Auditor embraced only cars apportioned to Oklahoma. June 27th a hearing was given to the complainant, and the valuation was fixed at $18,000 per car for the cars belonging to the company in Oklahoma. July 30th representatives of the company were heard on a request for revision of the assessment, and on August 6th the value was finally fixed by the board at $20,000 per car. The record, we think, discloses that the company returned only its tangible property, and at a valuation depreciated below cost of construction or purchase according to the period of use.

[2] That the board was not limited to the value of the tangible property of the complainant—that is to say, the value of the cars predicated on the cost of construction, purchase, and extent of depreciation —but was authorized to assess all of its property, and in doing so to take into consideration its rights, privileges, and franchise, has been often decided. In Galveston, etc., Ry. Co. v. Texas, 210 U. S. 217, 28 Sup. Ct. 638, 52 L. Ed. 1031, the Supreme Court said:

"As the property of companies engaged in such commerce may be taxed (Pullman Palace Car Co. v. Pennsylvania, 141 U. S. 18, 11 Sup. Ct. 876, 35 L. Ed. 613), and may be taxed at its value as it is, in its organic relations, and not merely as a congeries of unrelated items, taxes on such property have been sustained that took account of the augmentation of value from the commerce in which it was engaged."

We do not think the record shows that the assessment was greater than the value of complainant's property in the state, or that it was intentionally excessive.

The decree is affirmed.